UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAMAL ALI HILTON,

        Plaintiff,

                                          CASE NO. 11-12762

                                          PAUL D. BORMAN
GREGORY DEAN BILL and        UNITED STATES DISTRICT JUDGE
TIMOTHY M. KENNY,

        Defendants.
_____/

## OPINION AND ORDER OF DISMISSAL

### I. Introduction

Plaintiff Gamal Ali Hilton is a state prisoner at the St. Louis Correctional Facility in St. Louis, Michigan. He has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The defendants are Wayne County Circuit Court Judges Gregory Dean Bill and Timothy M. Kenny.

Plaintiff alleges that, on January 7, 2004, Judge Bill sentenced him to imprisonment for twenty-five to forty years on the basis of an invalid law. Plaintiff claims that he notified Presiding Circuit Judge Kenny that subject matter jurisdiction was lacking, but Judge Kenny declined to take any action because Plaintiff's pleading did not conform to the Michigan Court Rules. Plaintiff seeks money damages and immediate release from incarceration for the alleged deprivation of his liberty without due process of law.

### II. Standard of Review

The Court has permitted Plaintiff to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint

(1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

Plaintiff's complaint is legally frivolous and fails to state a claim for which relief may be granted because it challenges the fact or duration of his confinement. His allegations would be more appropriate in a habeas corpus petition, following exhaustion of state remedies. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 499-500 & 499 n. 14 (1973). Plaintiff has no right to money damages unless the order or judgment holding him in custody has been invalidated by state officials or impugned by a federal court on habeas corpus review. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* and progeny, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not shown that either his conviction or sentence was invalidated by state officials or impugned by federal officials on habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, Plaintiff's claims are not cognizable in this civil rights action.

Even if the claims were cognizable, "[i]t is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*); *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988)). "Sentencing a defendant is a core judicial act," *Weinberger v. United States*, 268 F.3d 346, 367 (6th Cir. 2001) (Moore, C.J., concurring in part and dissenting in part), and attachments to Plaintiff's complaint indicate that Plaintiff was charged with committing various felonies in the city of Detroit. Detroit lies in Wayne County, and circuit courts in Michigan have subject matter jurisdiction over felony cases,

3

*People v. Lown*, 488 Mich. 242, 268 (2011). Thus, Judges Bill and Kenny had jurisdiction over Plaintiff's criminal case, and they enjoy immunity from suit. Judicial immunity extends to actions for injunctive relief. *See* 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

### IV. Conclusion

For the reasons given above, Plaintiff's allegations are frivolous and fail to state a plausible claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this decision would be frivolous and could not be taken in good faith. Therefore, Plaintiff may not proceed *in forma pauperis* on appeal if he chooses to appeal this decision. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 7-15-11